**BRADLEY/GROMBACHER, LLP**
Marcus Bradley, Esq. (SBN 174156)
Kiley Grombacher, Esq. (SBN 245960)
Lirit King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA  91361
Telephone: (805) 270-7100
Facsimile: (805) 618-2939
E-mail: mbradley@bradleygrombacher.com
E-mail: kgrombacher@bradleygrombacher.com
E-mail: lking@bradleygrombacher.com

Attorneys for Plaintiff Karen Radford on behalf
of herself and others similarly situated

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karen Radford, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Lyons Magnus, LLC, a California limited liability company, TRU Aseptics, LLC, a Wisconsin limited liability company; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

---

**CLASS ACTION COMPLAINT**

## INTRODUCTION

Plaintiff Karen Radford ("Plaintiff"), on behalf of herself and all others similarly situated, files this Class Action Complaint against Defendants Lyons Magnus, LLC and TRU Aseptics, LLC ("Defendants"), and in support states the following:

## NATURE OF THE ACTION

1.      This is a class action lawsuit by Plaintiff, and others similarly situated, who purchased Defendants' Recalled Products, including: Lyons Ready Care, Lyons Barista Style, Pirq, Glucerna, Aloha Protein Powder, Intelligentsia, Kate Farms, Oatly, Premier Protein, MRE, Stumptown Cold Brew Coffee, Imperial, and Thick/Nectar Consistency Dairy Drink (hereinafter "Recalled Products"), which were all manufactured, sold and distributed by Defendants. Several of Defendants' Recalled Products have been shown to be adulterated with Cronobacter sakazakii and Clostridium botulinum. The presence of Cronobacter sakazakii and Clostridium botulinum in Defendants' Recalled Products was not disclosed in the products' label, in violation of state and federal law. Plaintiff and the putative classes suffered economic damages due to Defendants' misconduct (as set forth below) and they seek injunctive relief and restitution for the full purchase price of the Recalled Products they purchased. Plaintiff alleges the following based upon personal knowledge as well as investigation by counsel, and as to all other matters, upon information and belief. Plaintiff further believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and Plaintiff is a citizen of a state different from Defendants.

/ / /

/ / /

3.     This Court has jurisdiction over Defendants because Defendants are authorized to conduct and do business in California. Defendants have marketed, promoted, distributed, and sold Recalled Products, including the Recalled Product identified below, in California and Defendants have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through promotion, sales, distribution and marketing within this State to render the exercise of jurisdiction by this Court permissible.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and numerous Class members reside in this District and were therefore harmed in this District.

## THE PARTIES

5.     Plaintiff is a citizen and resident of Escambia County, Florida and at all times relevant hereto, has been a resident of Escambia County. In or around the summer of 2022, Plaintiff purchased Defendants' product at Walmart retail stores located in and around Pensacola, Florida. At the time of purchase, based on the false and misleading claims by Defendants, Plaintiff was unaware that Defendants' Recalled Products may be adulterated with *Cronobacter sakazakii* and *Clostridium botulinum*. Plaintiff purchased Defendants' Recalled Products on the assumption that the labeling of Defendants' Recalled Products were accurate and that the products were unadulterated, safe and effective. Plaintiff would not have purchased Defendants' Recalled Products had she known there was a risk the products may contain *Cronobacter sakazakii* and *Clostridium botulinum*. As a result, Plaintiff suffered injury in fact when she spent money to purchase Defendant's Recalled Products she would not otherwise have purchased absent Defendants' misconduct, as alleged herein. Plaintiff may purchase the products again if the product is not contaminated and is properly labeled.

/ / /

6.      Defendant Lyons Magnus, LLC, is a food service corporation. Defendant Lyons Magnus, LLC is a California limited liability company with its principal place of business in Fresno, California, located at: 3158 East Hamilton Avenue, Fresno, California 93702. Defendant Lyons Magnus, LLC manufactures, markets, advertises, labels, distributes and sells the Recalled Products at issue in this litigation.

7.      Defendant TRU Aseptics, LLC is a low acid aseptic contract manufacturer. Defendant TRU Aseptics, LLC is a Wisconsin limited liability company with its principal place of business in Beloit, Wisconsin, located at: 2924 Wyetta Drive, Beloit, Wisconsin 53511. Defendant TRU Aseptics, LLC develops, manufactures, and markets the Recalled Products at issue in this litigation.

## **INTRODUCTION**

8.      The following Recalled Products are manufactured, marketed, and sold by Defendants: Lyons Barista Style, Lyons Ready Care, Glucerna, Tone It Up, Uproot, Organic Valley, Sated, Aloha, Rejuvenate, Optimum Nutrition, Sweetie Pie Organics, Intelligentsia, Ensure Harvest, PediaSure Harvest, Glucerna Original, Kate Farms Pirq, Oatly. Premier Protein, MRE, Stumptown, and Imperial.[1] A full list of the Recalled Products is included below.

9.      Defendants distribute these Recalled Products both nationwide and internationally.

10.     Defendants' packaging notes that these products contain safe, quality ingredients that are suitable for consumption by vulnerable populations including young, old, and ill people.

/ / /

/ / /

---

[1] Lyons Magnus expands recall of Oatly, Stumptown and other beverages over microbial contamination, FOOD SAFETY NEWS (Aug. 11, 2022), https://www.foodsafetynews.com/2022/08/lyons-magnus-expands-recall-of-oatly-stumptown-and-other-beverages-over-microbial-contamination.

11.   On July 28, 2022, Defendants recalled a list of fifty-three (53) of their products due to possible contamination with *Cronobacter sakazakii* (hereinafter "Cronobacter").

12.   As part of the Warning, the FDA Deputy Commissioner for Food Policy and Response stated, "Lyons Magnus LLC ("Lyons Magnus" or the "Company") today announced that it is voluntarily recalling nutritional and beverage products due to the potential for microbial contamination, including from the organism Cronobacter. The list of recalled products does not include products intended for infants (i.e. under the age of one). While infection related to Cronobacter is rare, the common symptoms of illness could include fever, vomiting and urinary tract infection."[2] "Root cause analysis indicates that the products did not meet commercial sterility specifications."[3]

13.   The initial recall notice included the products listed above and included the following product information:[4]

| Brand | Description | UPC Carton | UPC Case (if sold in cases) | Lot Code | Best By Date |
|-------|-------------|------------|------------------------------|----------|--------------|
| Lyons Ready Care | Thickened Dairy Drink - Moderately Thick/Honey Consistency 12ct/32 fl oz cartons | 045796100466 | 10045796100463 | 4512 | 12/30/2022 |
| | | | | 5512 | 12/31/2022 |
| | | | | 5902 | 11/1/2022 |
| | Thickened Dairy Drink - Moderately Thick/Honey Consistency 24ct/8 fl oz | 045796100442 | 10045796100449 | 0012 | 11/6/2022 |

[2] U.S. FOOD & DRUG ADMIN., COMPANY ANNOUNCEMENT: Lyons Magnus Voluntarily Recalls 53 Nutritional and Beverage Products Due To The Potential For Microbial Contamination (Jul. 29, 2022), https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/lyons-magnus-voluntarily-recalls-53-nutritional-and-beverage-products-due-potential-microbial.

[3] U.S. FOOD & DRUG ADMIN., COMPANY ANNOUNCEMENT: Lyons Magnus Expands Voluntary Recall to Include Additional Nutritional and Beverage Products Due to the Potential for Microbial Contamination (Aug. 16, 2022), https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/lyons-magnus-expands-voluntary-recall-include-additional-nutritional-and-beverage-products-due.

[4] U.S. FOOD & DRUG ADMIN., *supra* note 2.

| Brand | Description | UPC Carton | UPC Case (if sold in cases) | Lot Code | Best By Date |
|-------|-------------|------------|------------------------------|----------|--------------|
| | cartons | | | | |
| | 2.0 High Calorie High Protein Nutritional Drink Butter Pecan 12ct/32 fl oz cartons | 045796100497 | 10045796100494 | 1412 | 2/15/2023 |
| | | | | 6312 | 2/10/2023 |
| | | | | 9312 | 2/13/2023 |
| | | | | 9902 | 1/4/2023 |
| | 2.0 High Calorie High Protein Nutritional Drink Chocolate 12ct/32 fl oz cartons | 045796100503 | 10045796100500 | 8212 | 2/2/2023 |
| | | 045796100459 | 10045796100456 | 3512 | 12/29/2022 |
| | Thickened Dairy Drink - Mildly Thick/Nectar Consistency 12ct/32 fl oz cartons | ; | ; | 4512 | 12/30/2022 |
| | | | | 7902 | 11/3/2022 |
| | 2.0 High Calorie High Protein Nutritional Drink Vanilla 12ct/32 fl oz cartons | 045796100916 | 10045796100913 | 5312 | 2/9/2023 |
| | | | | 6312 | 2/10/2023 |
| | | | | 6512 | 3/2/2023 |
| | | | | 7512 | 3/3/2023 |
| | | | | 8512 | 3/4/2023 |
| | | | | 8902 | 1/3/2023 |
| | | | | 9902 | 1/4/2023 |
| | Thickened Dairy Drink - Mildly Thick/Nectar Consistency 24ct/8 fl oz cartons | 045796100435 | 10045796100432 | 3712 | 1/18/2023 |
| | | | | 5212 | 12/1/2022 |
| | | | | 5712 | 1/20/2023 |
| | | | | 8512 | 1/3/2023 |
| | | | | 8902 | 11/4/2022 |
| | | | | 4712 | 1/19/2023 |
| | | | | 9902 | 11/5/2022 |
| Lyons Barista Style | Almond Non-Dairy | 045796101654 | 10045796101651 | 2012 | 1/7/2023 |
| | | | | 3012 | 1/8/2023 |

| Brand | Description | UPC Carton | UPC Case (if sold in cases) | Lot Code | Best By Date |
|---|---|---|---|---|---|
| | Beverage 12ct/32 fl oz cartons | | | 3712 | 3/19/2023 |
| | | | | 4012 | 1/9/2023 |
| | | | | 5712 | 3/21/2023 |
| | | | | 5012 | 1/10/2023 |
| | Coconut Non-Dairy Beverage 12ct/32 fl oz cartons | 045796101791 | 10045796101798 | 1612 | 3/7/2023 |
| | | | | 2612 | 3/8/2023 |
| | | | | 2712 | 3/18/2023 |
| | | | | 3612 | 3/9/2023 |
| | | | | 8412 | 2/22/2023 |
| | Oat Non-Dairy Beverage 12ct/32 fl oz cartons | 045796101807 | 10045796101804 | 0612 | 3/6/2023 |
| | | | | 2212 | 1/27/2023 |
| | | | | 3212 | 1/28/2023 |
| | | | | 4212 | 1/29/2023 |
| | | | | 6412 | 2/20/2023 |
| | | | | 7412 | 2/21/2023 |
| Pirq | Plant Protein Decadent Chocolate 12ct/325ml cartons | 857690008065 | 857690008164 | 5412 | 5/25/2023 |
| | | | | 6412 | 5/26/2023 |
| | | | | 7412 | 5/27/2023 |
| | | | | 8012 | 4/18/2023 |
| | | | | 9012 | 4/19/2023 |
| | Plant Protein Caramel Coffee 12ct/325ml cartons | 857690008089 | 857690008140 | 8412 | 7/27/2023 |
| | | | | 9412 | 7/28/2023 |
| | Plant Protein Golden Vanilla 12ct/325ml cartons | 857690008041 | 857690008157 | 3412 | 5/23/2023 |
| | | | | 4412 | 5/24/2023 |
| | | | | 5012 | 4/15/2023 |
| | Plant Protein Decadent Chocolate 4ct/325ml cartons | 857690008065 | 857690008294 | 9012 | 4/19/2023 |

| Brand | Description | UPC Carton | UPC Case (if sold in cases) | Lot Code | Best By Date |
|---|---|---|---|---|---|
| | Plant Protein Caramel Coffee 4ct/325ml cartons | 857690008089 | 857690008270 | 8412 | 7/27/2023 |
| | Plant Protein Golden Vanilla 4ct/325ml cartons | 857690008041 | 857690008287 | 4412 | 5/24/2023 |
| | | | | 6012 | 4/16/2023 |
| | | | | 7012 | 4/17/2023 |
| | Plant Protein Very Strawberry 12ct/325ml cartons | 857690008300 | 857690008331 | 4412 | 7/23/2023 |
| | | | | 5412 | 7/24/2023 |
| | | | | 7012 | 6/16/2023 |
| | | | | 8012 | 6/17/2023 |
| | Plant Protein Very Strawberry 4ct/325ml cartons | 857690008300 | 857690008317 | 7012 | 6/16/2023 |
| Glucerna Original 8 fl oz tetra carton 24 count club case (sold only at Costco, BJ's Wholesale Club, and Sam's Club) | Chocolate 24ct/237ml cartons | 70074685656 | 70074685649 | 400254X00 | 8/1/2023 |
| | | | | 400264X00 | 8/1/2023 |
| | | | | 400274X00 | 8/1/2023 |
| | | | | 410364X00 | 9/1/2023 |
| | Strawberry 24ct/237ml cartons | 70074685670 | 70074685663 | 400244X00 | 8/1/2023 |
| | | | | 410354X00 | 9/1/2023 |
| | Vanilla 24ct/237ml cartons | 70074685632 | 70074685625 | 400194X00 | 8/1/2023 |
| | | | | 400204X00 | 8/1/2023 |
| | | | | 400214X00 | 8/1/2023 |
| | | | | 400224X00 | 8/1/2023 |
| | | | | 400234X00 | 8/1/2023 |
| | | | | 410294X00 | 9/1/2023 |
| | | | | 410304X00 | 9/1/2023 |
| | | | | 410314X00 | 9/1/2023 |
| | | | | 410334X00 | 9/1/2023 |
| | | | | 410344X00 | 9/1/2023 |

| Brand | Description | UPC Carton | UPC Case (if sold in cases) | Lot Code | Best By Date |
|---|---|---|---|---|---|
| Aloha | Chocolate Sea Salt Plant-Based Protein 4ct/330ml cartons | 842096112355 | 10842096142359 | 8312 | 7/12/2023 |
| | | | | 9312 | 7/13/2023 |
| | Coconut Plant-Based Protein 4ct/330ml cartons | 842096112379 | 108420961423733 | 7312 | 7/11/2023 |
| | Vanilla Plant-Based Protein 4ct/330ml cartons | 842096112348 | 10842096142342 | 7312 | 7/11/2023 |
| | Iced Coffee Plant Based Protein 4ct/330ml cartons | 842096112386 | 10842096142380 | 0412 | 7/19/2023 |
| | | | | 9312 | 7/18/2023 |
| Intelligentsia | Cold Coffee 12ct/330ml cartons | 800222000969 | 10800222000966 | 9212 | 12/7/2022 |
| | Oat Latte 12ct/330ml cartons | 800222000976 | 10800222000980 | 7112 | 1/4/2023 |
| | | | | 8112 | 1/5/2023 |
| Kate Farms | Pediatric Standard 1.2 Vanilla 12ct/250ml cartons | 851823006904 | 851823006997 | 2512 | 6/1/2023 |
| | | | | 3512 | 6/2/2023 |
| | | | | 4512 | 6/3/2023 |
| | | | | 5512 | 6/4/2023 |
| | | | | 6512 | 6/5/2023 |
| Oatly | Oat-Milk Barista Edition 12ct/32 fl oz slim cartons (Food Service Channel) | 190646630058 | 101906466300550 | 0112 | 20APR2023 LM |
| | | | | 1112 | 21APR2023 LM |
| | | | | 2902 | 02APR2023 LM |
| | | | | 3902 | 03APR2023 LM |
| | | | | 4902 | 04APR2023 LM |

**8**
**CLASS ACTION COMPLAINT**

| Brand | Description | UPC Carton | UPC Case (if sold in cases) | Lot Code | Best By Date |
|---|---|---|---|---|---|
| | | | | 6112 | 26APR2023 LM |
| | | | | 9012 | 19APR2023 LM |
| Premier Protein | Chocolate 12ct/330ml cartons | 643843714477 | 643843714200 | 2412/2142BT | 7/20/2023 |
| | | | | 3412/2143BT | 7/21/2023 |
| | | | | 4612/2164BT | 8/11/2023 |
| | | | | 5612/2165BT | 8/12/2023 |
| | | | | 66122166BT | 8/13/2023 |
| | Vanilla 18ct/330ml cartons | 643843715351 | 643843718642 | 0012/2100BT | 6/8/2023 |
| | | | | 1012/2101BT | 6/9/2023 |
| | | | | 1212/2121BT | 6/29/2023 |
| | | | | 1612/2161BT | 8/8/2023 |
| | | | | 2012/2102BT | 6/10/2023 |
| | | | | 2212/2122BT | 6/30/2023 |
| | | | | 3012/2103BT | 6/11/2023 |
| | | | | 4012/2104BT | 6/12/2023 |
| | Chocolate 18ct/330ml cartons | 643843715344 | 643843718581 | 9712/2179BT | 8/26/2023 |
| | Vanilla 12ct/330ml cartons | 643843714507 | 643843713944 | 0612/2160BT | 8/7/2023 |
| | | ; | ; | 4902/2094BT | 6/2/2023 |
| | | | | 9512/2159BT | 8/6/2023 |
| | Vanilla 4ct/330ml cartons | 643843714507 | 643843714736 | 4902/2094BT | 6/2/2023 |
| | | | | 5902/2095BT | 6/3/2023 |
| | | | | 6902/2096BT | 6/4/2023 |
| | | | | 7902/2097BT | 6/5/2023 |
| | | | | 8902/2098BT | 6/6/2023 |
| | Café Latte 4ct/330ml cartons | 643843716686 | 643843716662 | 3212/2123BT | 7/1/2023 |
| | | | | 4212/2124BT | 7/2/2023 |
| | | | | 5212/2125BT | 7/3/2023 |
| | | | | 62122126BT | 7/4/2023 |
| | | | | 7212/2127BT | 7/5/2023 |

| Brand | Description | UPC Carton | UPC Case (if sold in cases) | Lot Code | Best By Date |
|---|---|---|---|---|---|
| | Café Latte 18ct/330ml cartons | 643843716655 | 643843718567 | 8212/2128BT | 7/6/2023 |
| | Vanilla 15ct/330ml cartons | 643843714507 | 643843720461 | 5902/2095BT | 6/3/2023 |
| MRE | Cookies & Cream Protein Shake 4ct/330ml cartons | 810044573893 | 10810044573968 | 2112 | 4/22/2023 |
| | | | | 3112 | 4/23/2023 |
| | | | | 9612 | 6/18/2023 |
| | Milk Chocolate Protein Shake 4ct/330ml cartons | 810044573916 | 10810044573944 | 3112 | 4/23/2023 |
| | | | | 4112 | 4/24/2023 |
| | | | | 5112 | 4/25/2023 |
| | Salted Caramel Protein Shake 4ct/330ml cartons | 810044573923 | 10810044573937 | 1112 | 4/21/2023 |
| | | | | 2112 | 4/22/2023 |
| | | | | 7612 | 6/16/2023 |
| | | | | 8612 | 6/17/2023 |
| | Vanilla Milk Shake Protein Shake 4ct/330ml cartons | 810044573909 | 10810044573951 | 0112 | 4/20/2023 |
| | | | | 1112 | 4/21/2023 |
| | | | | 6612 | 6/15/2023 |
| | | | | 7612 | 6/16/2023 |
| Stumptown | Cold Brew Coffee With Oat Milk Original 12ct/325ml cartons | 855186006878 | 10855186006875 | 3312 | 12/9/2022 |
| | | | | 4312 | 12/10/2022 |
| | Cold Brew Coffee With Oat Milk Horchata 12ct/325ml cartons | 855186006892 | 10855186006892 | 4312 | 12/10/2022 |
| | | | | 5312 | 12/11/2022 |
| | Cold Brew Coffee With Oat Milk Chocolate 12ct/325ml | 855186006892 | 10855186006892 | 6312 | 12/12/2022 |

| Brand | Description | UPC Carton | UPC Case (if sold in cases) | Lot Code | Best By Date |
|-------|-------------|-----------|------------------------------|----------|--------------|
| | cartons | | | | |
| | Cold Brew Coffee With Cream & Sugar Chocolate 12ct/325ml cartons | 855186006861 | 855186006861 | 0412 | 12/16/2022 |
| | | | | 1412 | 12/17/2022 |
| | Cold Brew Coffee with Cream & Sugar Original 12ct/325ml cartons | 855156306847 | 10855186006844 | 2312 | 12/8/2022 |
| | | | | 3312 | 12/9/2022 |
| Imperial | Med Plus 2.0 Vanilla Nutritional Drink 12ct/32 fl oz cartons | 074865927307 | 10074865927304 | 2312 | 2/6/2023 |
| | | | | 3312 | 2/7/2023 |
| | | | | 7112 | 1/22/2023 |
| | | | | 8112 | 1/23/2023 |
| | | | | 8612 | 3/14/2023 |
| | Thickened Dairy Drink - Moderately Thick/Honey Consistency 12ct/32 fl oz cartons | 0734730556147 | 10734730556144 | 5512 | 12/31/2022 |
| | | | | 5902 | 11/1/2022 |
| | | | | 6902 | 11/2/2022 |
| | | | | 7212 | 12/3/2022 |
| | Thickened Dairy Drink - Mildly Thick/Nectar Consistency 24ct/8 fl oz cartons | 074865945493 | 10074865945490 | 0012 | 11/6/2022 |
| | | | | 2212 | 11/28/2022 |
| | | | | 3212 | 11/29/2022 |
| | | | | 4212 | 11/30/2022 |
| | | | | 5712 | 1/20/2023 |
| | | | | 6712 | 1/21/2023 |
| | | | | 9902 | 11/5/2022 |
| | Med Plus NSA 1.7 Vanilla Nutritional Drink 12ct/32 fl oz cartons | 0734730310749 | 10734730310746 | 1902 | 12/27/2022 |
| | | | | 1312 | 2/5/2023 |

| Brand | Description | UPC Carton | UPC Case (if sold in cases) | Lot Code | Best By Date |
|---|---|---|---|---|---|
| | Med Plus 2.0 Butter Pecan Nutritional Drink 12ct/32 fl oz cartons | 074865927321 | 10074865927328 | 0012 | 1/5/2023 |
| | | | | 1412 | 2/15/2023 |
| | | | | 9512 | 3/5/2023 |
| | | | | 9902 | 1/4/2023 |
| | Thickened Dairy Drink - Mildly | 0734730556154 | 10734730556151 | 2512 | 12/28/2022 |
| | | | | 3512 | 12/29/2022 |
| | | | | 6902 | 11/2/2022 |
| Thick/Nectar Consistency 12ct/32 fl oz cartons | Thickened Dairy Drink - Moderately Thick/Honey Consistency 24ct/8 fl oz cartons | 074865945509 | 10074865945506 | 4212 | 11/30/2022 |
| | | | | 6212 | 12/2/2022 |

14.     These products may contain *Cronobacter sakazakii* and *Clostridium botulinum* bacteria.

15.     Per the CDC website, *Cronobacter* is a germ that can live in very dry places. The germs can live in dry foods, such as powdered food products.[5]

16.     *Cronobacter sakazakii* and *Clostridium botulinum* bacterium can get into the Recalled Product if contaminated raw materials are used to make the product or if the powder touches a contaminated surface in the manufacturing environment.

17.     *Cronobacter sakazakii* and *Clostridium botulinum* bacterium can cause severe, life-threatening infections, blood stream infections (sepsis), meningitis, and symptoms may include: fever, vomiting, and urinary tract infection. Infants, people over sixty-five (65), and those with weakened immune systems are those most at risk of developing severe illness from Cronobacter.[6]

18.     On August 16, 2022, the FDA published an announcement by Lyons Magnus that the manufacturer expanded its recall to include "additional nutritional

---

[5] CDC, https://www.cdc.gov/cronobacter/technical.html (last visited Jan. 17, 2023).

[6] *Id.*

and beverage products due to the potential for microbial contamination."[7]  The recall expanded to include nearly 400 additional Lyons Magnus food nutritional and beverage products, which are listed in their entirety at the following FDA.gov website:   https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/lyons-magnus-expands-voluntary-recall-include-additional-nutritional-and-beverage-products-due.

19.    "This recall is being conducted due to the potential for microbial contamination, including from the organisms *Cronobacter sakazakii* and *Clostridium botulinum*."[8]

20.    According to Lyons Magnus' own company statement:

Clostridium *botulinum* may cause a severe form of food poisoning. It can begin from six hours to two weeks after eating food that contains the toxin. Symptoms may include double vision, blurred vision, drooping eyelids, slurred speech, difficulty swallowing, and muscle weakness. Botulism poisoning can cause respiratory paralysis, resulting in death, unless assistance with breathing (mechanical ventilation) is provided.[9]

21.    Defendants failed to take adequate, reasonable measures to protect the health and lives of people consuming their products.

22.    As a result of Defendants' use of marketing and advertising that omits from disclosure, including from the ingredients list, that the recalled products contain *Cronobacter sakazakii* and *Clostridium botulinum*, reasonable consumers are led to believe that they are purchasing products that are not contaminated with bacteria. For example, Defendants' packaging and marketing for Glucerna states "GLUCERNA

---

[7] U.S. FOOD & DRUG ADMIN., *supra* note 2.

[8] *Id.*

[9] *Id.*

SHAKES ARE GOOD SOURCES OF NUTRIENTS TO HELP SUPPORT IMMUNE HEALTH."[10]

23.    Plaintiff purchased Defendants' Recalled Product – specifically, Premier Protein- Café Latte, at Walmart in and around Pensacola, Florida. Plaintiff verified that the products purchased included those on the recall list issued by Defendants.



*Figure 1, Image of UPC Carton of Premier Protein purchased by Plaintiff.*



*Figure 2, Image of Lot Code of Premier Protein purchased by Plaintiff.*

24.    Plaintiff made purchases of the Premier Protein – Café Latte in or around the summer of 2022.

---

[10] GLUCERNA, https://glucerna.com/nutrition-products/glucerna-shakes-rich-chocolate (last visited Jan. 17, 2023) [https://web.archive.org/web/20220525200857/https://glucerna.com/nutrition-products/glucerna-shakes-rich-chocolate].

25.     Plaintiff purchased Premier Protein believing that the product was safe for consumption having relied upon Defendants' representations that the Premier Protein product she purchased contained "nutrients for Immune Health support."

26.     Plaintiff paid approximately $8 per carton purchased at Walmart.

27.     As a direct and proximate result of Plaintiff purchasing the Recalled Product, Plaintiff has suffered injuries as alleged below.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff bring this action on behalf of herself and all other similarly situated class members (the "Class" or "Classes") pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class and/or Sub-Classes against Defendants for violations of Florida state laws and/or similar laws in other states:

### Multi-State Class Action

All consumers who purchased any of Defendants' Recalled Product in the United States of America and its territories from July 1, 2021 to the present for personal use or consumption.

Excluded from the Class are Defendants, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice or judicial officer presiding over this matter.

29.     In the alternative, Plaintiff brings this action on behalf of herself and all other similarly situated Florida consumers pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Sub-Classes:

### Florida Sub-Class

All consumers who purchased any of Defendants' Recalled Product in Florida, USA from July 1, 2021 to the present for personal use or consumption.

Excluded from the Class are Defendants, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice or judicial officer presiding over this matter.

30.     Plaintiff reserves the right to modify these definitions.

31.     The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class/Sub-Classes contains thousands of purchasers of Defendants' Recalled Products who have been damaged by Defendants' conduct as alleged herein. The precise number of Class members is unknown to Plaintiff at this time.

32.     Plaintiff's claims are typical to those of all Class members because members of the Class are similarly injured through Defendants' uniform misconduct described above and were subject to Defendants' deceptive claims that accompanied each and every Recalled Product. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class/Sub-Class.

33.     Plaintiff's claims raise questions of law and fact common to all members of the Class, and they predominate over any questions affecting only individual Class members. The claims of Plaintiff and all prospective Class members involve the same alleged defect. These common legal and factual questions include the following:

(a)     whether Defendants' Products contained *Cronobacter sakazakii* and *Clostridium botulinum* bacterium;

(b)     whether Defendants' omissions are true, or are misleading, or objectively reasonably likely to deceive;

(c)     whether the alleged conduct constitutes violations of the laws asserted;

(d)     whether Defendants' alleged conduct violates public policy;

(e)     whether Defendants engaged in false or misleading advertising; and

(f)     whether Plaintiff and the Class members are entitled to damages and/or restitution and the proper measure of that loss.

34.     Plaintiff and her counsel will fairly and adequately protect and represent the interests of each member of the class. Plaintiff has retained counsel experienced in complex litigation and class actions. Plaintiff's counsel has successfully litigated other class action cases similar to that here and have the resources and abilities to fully litigate and protect the interests of the class. Plaintiff intends to prosecute this claim vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class, nor is Plaintiff subject to any unique defenses.

35.     A class action is superior to the other available methods for a fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by the Plaintiff and individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain meaningful and effective redress for the wrongs done to them. Further, it is desirable to concentrate the litigation of the Class members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

36.     The Class also may be certified because Defendants have acted or refused to act on grounds applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

37.     Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described above and requiring Defendants to provide a full refund of the purchase price of the Defendants Recalled Products to Plaintiff and Class members.

38.    Unless a Class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiff and the Class members. Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

## FIRST CAUSE OF ACTION

### Unjust Enrichment

### (On Behalf of the Multi-State Class and All State Classes)

39.    Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

40.    As a result of Defendants' wrongful and deceptive conduct alleged herein, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by the Plaintiff and members of the Classes when they purchased the Defendants' Recalled Products.

41.    In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and members of the Classes.

42.    As a result of Defendants' wrongful conduct as alleged herein, Defendants has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Classes.

43.    Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

44.    Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive labeling and marketing of Defendants' Recalled Products to Plaintiff and members of the Classes.

45.    Defendants' retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment.

1    46.    The financial benefits derived by Defendants rightfully belong to
2    Plaintiff and members of the Classes.

3    47.    Defendants should be compelled to disgorge in a common fund for the
4    benefit of Plaintiff and members of the Classes all wrongful or inequitable proceeds
5    received by them.

6    48.    Finally, Plaintiff and members of the Classes may assert an unjust
7    enrichment claim even though a remedy at law may otherwise exist.

8    ## SECOND CAUSE OF ACTION

9    **Negligent Misrepresentation/Omission**

10    **(On Behalf of the Multi-State Class and All State Classes)**

11    49.    Plaintiff incorporates by reference and re-allege each and every
12    allegation contained above, as though fully set forth herein.

13    50.    Through their labeling and advertising, Defendants made
14    representations to Plaintiff and the Class members concerning the safety of their
15    Recalled Products.

16    51.    Defendants have a duty to provide accurate information to consumers
17    with respect to the ingredients identified in Defendants' Recalled Products as
18    detailed above.

19    52.    Additionally, Defendants have a duty to not make false representations
20    with respect to the safety of their Products.

21    53.    Defendants failed to fulfill their duty when it made false representations
22    regarding the quality and safety of the Products as detailed above.

23    54.    Such failures to disclose on the part of Defendants amount to negligent
24    omission and the representations regarding the quality and safety of the product
25    amount to negligent misrepresentation.

26    55.    Plaintiff and the other members of the Classes reasonably relied upon
27    such representations and omissions to their detriment.

28

56.     By reason thereof, Plaintiff and the other Class members have suffered damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

**Breach of Express Warranty**

**(On Behalf of the Multi-State Class and All State Classes)**

57.     Plaintiff incorporates by reference and re-allege each and every allegation contained above, as though fully set forth herein.

58.     As detailed above, Defendants, through their written literature, packaging and labeling, and written and media advertisement, expressly warranted that the Recalled Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

59.     Plaintiff and the other Class members read and relied on these express warranties provided by Defendants in the packaging and written advertisements.

60.     Defendants breached their express warranties because the Recalled Products were defective and not reasonably safe for their intended use.

61.     Defendants knew or should have known that the Recalled Products did not conform to their express warranties and representations and that, in fact, the Products are not safe and pose serious health risks because they contain *Cronobacter sakazakii* and *Clostridium botulinum*.

62.     Plaintiff and the other Class members have suffered harm on account of Defendants' breach of their express warranty regarding the fitness for use and safety of these Products and are entitled to damages to be determined at trial.

### FOURTH CAUSE OF ACTION

**Breach of Implied Warranty**

**(On Behalf of the Multi-State Class and All State Classes)**

63.     Plaintiff incorporates by reference and re-allege each and every allegation contained above, as though fully set forth herein.

64.    Because the Recalled Products contained *Cronobacter sakazakii* and *Clostridium botulinum*, they were not of the same quality as those generally acceptable in the trade and were not fit for the ordinary purposes for which such these nutritional and beverage products are used.

65.    Plaintiff and members of the Classes purchased these Recalled Products in reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose.

66.    Defendants' Recalled Products were not altered by Plaintiff or members of the Classes.

67.    Plaintiff and members of the Classes were foreseeable users of the Recalled Products.

68.    Plaintiff and members of the Classes used the Recalled Products in the manner intended.

69.    As alleged, the Defendants' Recalled Products were not adequately labeled and did not disclose that they contain harmful *Cronobacter sakazakii* and *Clostridium botulinum*.

70.    The Recalled Products did not measure up to the promises or facts stated in the written literature, media advertisement and communications by and from Defendants.

71.    Defendants impliedly warranted that the Recalled Products were merchantable, fit and safe for ordinary use.

72.    Defendants further impliedly warranted that the Recalled Products were fit for the particular purposes for which they were intended and sold.

73.    Contrary to these implied warranties, the Recalled Products were defective, unmerchantable, and unfit for their ordinary use when sold, and unfit for the particular purpose for which they were sold.

74.    By reason thereof, Plaintiff and the other Class members have suffered damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**Violation of Florida's Deceptive and Unfair Trade Practices Act**

**Fla. Stat. §§ 501.201-213**

**(On Behalf of the Florida Class)**

75.     Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

76.     Plaintiff was a consumer who used Defendants' Recalled Products primarily for personal use and thereby suffered ascertainable losses, including mental anguish, as a result of Defendants' acts and omissions in violation of the applicable consumer protection laws.

77.     The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") renders unlawful unfair methods of competition, unconscionable acts or practice, and unfair or deceptive acts or practices in the conduct of any trade or commerce. Fla. Stat. § 501.204.

78.     Among other purposes, FDUTPA is intended "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202.

79.     As alleged herein, Plaintiff has suffered injury in fact and lost money as a result of Defendants' conduct because they purchased Recalled Products from Defendants in reliance on Defendants' representation that the ingredients in their Recalled Products were safe and effective and were not contaminated with microorganisms, such as *Cronobacter sakazakii* and *Clostridium botulinum* bacterium.

80.     Defendants have engaged, and continue to engage, in conduct that is likely to deceive members of the public. This conduct includes representing in their labels that their Recalled Products contain only the ingredients listed in the label, which is untrue, and failing to make any mention that the Recalled Products are

adulterated with microorganisms, such as *Cronobacter sakazakii* and *Clostridium botulinum* bacterium.

81.   Florida Statutes, Section 501.204, makes unfair and/or deceptive trade practices in the conduct of any trade or commerce illegal.

82.   Florida Statutes, Section 501.211, creates a private right of action for individuals who are aggrieved by an unfair and/or deceptive trade practice by another person.

83.   Florida Statutes, Section 501.2105, provides that the prevailing party in litigation arising from a cause of action pursuant to Chapter 501 shall be entitled to recover attorney's fees within the limitations set forth therein from the non-prevailing party.

84.   Florida Statutes, Section 501.213, provides that any remedies available under Chapter 501 are in addition to any other remedies otherwise available for the same conduct under state or local law.

85.   Florida Statutes, Section 501.203 (3)(c), states that a person has violated the FDUTPA if he/she violates "any law, statute, rule, regulation, or ordinance which proscribes unfair, deceptive, or unconscionable acts or practices."

86.   Defendants are engaged in the practice of manufacturing, marketing, distributing, selling and otherwise placing into the stream of commerce the Recalled Products which constitutes trade and commerce as defined by Sections 501.203(8) Fla. Stat., and is therefore subject to FDUPTA.

87.   As a result of Defendants' unfair and deceptive trade practices, Plaintiff is entitled to an award of attorney's fees pursuant to FDUTPA, Florida Statutes, Section 501.2105, if they prevail.

88.   Defendants' conduct with respect to the labeling, advertising, marketing, and sale of their Recalled Products is unfair because Defendants' conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and

the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

89.   In accordance with FDUTPA, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign. Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary.

90.   Plaintiffs also seeks an order entitling them to recover all monies spent on the Defendants' Recalled Products, which were acquired through acts of fraudulent, unfair, or unlawful competition. In addition, the measure of restitution should be a full refund of the purchase price insofar as the Recalled Products and their associated labels are worthless. But for Defendants' misrepresentations and omissions, Plaintiff would have paid nothing for Recalled Products that have a risk of containing microorganisms such as *Cronobacter sakazakii* and *Clostridium botulinum* bacterium. Indeed, there is no discernible "market" for a nutritional/beverage product that may be adulterated with harmful bacteria. As a result, the Defendants' Recalled Products are rendered valueless.

91.   As a result of Defendants' conduct in the manufacture of the Defendants' Recalled Products violating the foregoing statutes and regulations, Plaintiff suffered damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for judgment against the Defendants as to each and every count, including:

a. An order declaring this action to be a proper class action, appointing Plaintiff and her counsel to represent the Class/Sub-Classes, and requiring Defendants to bear the costs of class notice;

b. An order requiring Defendants to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief;

c. An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendants' past conduct;

d. An order requiring Defendants to pay restitution/damages to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising in violation of the above-cited authority, plus pre- and post-judgment interest thereon;

e. An order requiring Defendants to disgorge any ill-gotten benefits received from Plaintiff and members of the Class/Sub-Classes as a result of any wrongful or unlawful act or practice;

f. An order requiring Defendants to pay all actual and statutory damages permitted under the counts alleged herein;

g. An order awarding attorneys' fees and costs to Plaintiff and the Class/Sub-Classes; and

h. An order providing for all other such equitable relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED:  January 19, 2023                    **BRADLEY/GROMBACHER, LLP**

By: /s/ Kiley L. Grombacher, Esq.
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Lirit A. King, Esq.
Attorneys for Plaintiff and others similarly situated